IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| SHAWN RONALD COWIE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CASE NO. 3:11-0687 |
| ) | JUDGE SHARP/KNOWLES |
| ) | |
| ) | JURY DEMAND |
| ) | |
| ANALISA RAMIREZ, CARL W. ) | |
| MILLER, DEBORAH J. MILLER, ) | |
| JOSHUA MILLER and MUSIC CITY ) | |
| BILLARDS, d/b/a BUFFALO'S ) | |
| BILLIARDS PARLOR, ) | |
| ) | |
| Defendants. ) | |

### REPORT AND RECOMMENDATION

Plaintiff Shawn Ronald Cowie has submitted a "Stipulation of Dismissal With Prejudice As To Defendants Analisa Ramirez, Carl W. Miller, Deborah J. Miller and Joshua Miller," ostensibly filed pursuant to Fed. R. Civ. P. 41(a)(1). Docket No. 75. The Stipulation has been signed by Plaintiff's counsel, as well as counsel for the four Defendants listed. The Stipulation has not, however, been signed by counsel for Defendant Music City Billiards, d/b/a Buffalo's Billiards Parlor.

Fed. R. Civ. P. 41(a)(1)(A) provides that a Plaintiff may dismiss an action without a Court Order by filing:

> (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or
>
> (ii) a stipulation of dismissal signed by all parties who have

appeared.

Plaintiff cannot dismiss this action without a Court Order pursuant to Rule 41(a)(1)(A)(i), because all the opposing parties have previously filed an Answer. Likewise, Plaintiff cannot dismiss this action without a Court Order pursuant to Rule 41(a)(1)(A)(ii), because the Stipulation of Dismissal Plaintiff has submitted is not signed by all parties who have appeared.

For the foregoing reasons, the undersigned recommends that the instant Stipulation of Dismissal (Docket No. 75) be disregarded.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

_____
E. Clifton Knowles
United States Magistrate Judge