# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| SHAWN RONALD COWIE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CASE NOS. 3:11-0687, |
| | ) 3:12-0358 |
| | ) JUDGE SHARP/KNOWLES |
| | ) |
| MUSIC CITY BILLIARDS, LLC, d/b/a | ) |
| BUFFALO'S BILLIARDS PARLOR, | ) |
| CHARLES MANIS and NANCY | ) |
| MANIS, | ) |
| | ) |
| Defendants. | ) |

## ORDER

This matter is before the Court upon Plaintiff's "Motion to Amend Complaint." Docket No. 114. Plaintiff has filed a supporting Memorandum of Law. Docket No. 115. Defendants have filed a Response in opposition to the Motion (Docket No. 117), and a supporting Memorandum of Law (Docket No. 118). Plaintiff did not, however, submit a proposed Amended Complaint.

As Defendants note, this is a Dram Shop case. Plaintiff alleges that he was injured in a vehicle accident by Analisa Ramirez. Plaintiff avers that Defendant Music City Billiards, LLC d/b/a Buffalo's Billiards Parlor, either sold alcohol to Ms. Ramirez knowing that she was a minor, or sold alcohol to her when she was visibly intoxicated. Subsequently, Plaintiff voluntarily dismissed Ms. Ramirez and the owners of the vehicle driven by her from Case No. 3:11-687.

Plaintiff also filed a separate action arising out of the same incident against Charles Manis and Nancy Manis, who were identified as the "members/owners of Buffalo's." Case No. 3:12-00358, Docket No. 1. In that case, Plaintiff avers that Mr. and Ms. Manis had filed various documents with the Tennessee Alcoholic Beverage Commission. In one application dated February 23, 2011, Mr. Manis "swore under oath that he 'agree[d] to accept the full responsibility for the accident of any employee in the conduct of [his] business.'" He further stated in the application that he was the person "in active control" of the "management of the business." Plaintiff avers that the security agent working the door failed to "card" Ms. Ramirez or, alternatively, knew that she was under age but allowed her to enter anyway. Plaintiff avers that Mr. Manis is responsible for the actions of that employee, and that Mr. and Ms. Manis breached a duty to properly train and supervise their employees.

On June 6, 2012, Mr. Cowie, Mr. Manis, Ms. Manis, and Music City Billiards, LLC submitted a "Joint Motion to Consolidate," seeking the consolidation of these two actions. Docket No. 110. Judge Sharp subsequently granted that Motion. Docket No. 111.

In the instant Motion, Plaintiff seeks leave "to amend his prior amended complaint to pierce the corporate veil of Music City Billiards, LLC ("Music City") and *make its shareholders* [Mr. and Ms. Manis] *parties to this action* based on information since discovered during the discovery process." Docket No. 115 (emphasis added). Plaintiff, however, does not need to amend to add Mr. and Ms. Manis as Defendants in this case, because they are already Defendants in this case.

The question, therefore, becomes whether Plaintiff should be allowed to amend his Complaint to set forth facts that would support the piercing of the corporate veil. Defendants

2

argue that Plaintiff's proposed amendment would be futile because the Amended Complaint would not withstand a Motion to Dismiss. Defendants essentially argue that Plaintiff has not set forth specific facts that would justify the piercing of the corporate veil.

Plaintiff sets forth certain facts in his supporting Memorandum that he argues would justify the piercing of the corporate veil. As discussed above, however, Plaintiff did not submit a proposed Amended Complaint. It is, therefore, impossible for the Court to make a determination as to whether the Amended Complaint would withstand a Motion to Dismiss.

Under the circumstances, the proper course of action is for the Court to allow Plaintiff to file an Amended Complaint. If the Amended Complaint does not state a claim upon which relief can be granted, Defendants may file an appropriate Motion seeking to have it dismissed.

For the foregoing reasons, the instant Motion to Amend Complaint (Docket No. 114) is GRANTED. Plaintiff shall file his Amended Complaint within twenty (20) days of the entry of the instant Order.

IT IS SO ORDERED.

_____
E. Clifton Knowles
United States Magistrate Judge