# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| SHAWN RONALD COWIE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CASE NO. 3:11-0687 |
| ) | JUDGE SHARP/KNOWLES |
| ) | |
| ) | |
| MUSIC CITY BILLIARDS, LLC d/b/a ) | |
| BUFFALO'S BILLIARDS PARLOR, ) | |
| ) | |
| Defendant. ) | |

and

| | |
|---|---|
| SHAWN RONALD COWIE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 3:12-0358 |
| ) | JUDGE SHARP/KNOWLES |
| ) | |
| ) | |
| CHARLES MANIS and ) | |
| NANCY MANIS, ) | |
| ) | |
| Defendants. ) | |

## ORDER

This matter is before the Court upon Plaintiff's "Motion to Quash." Docket No. 160.

Plaintiff has filed a supporting Memorandum of Law. Docket No. 161. The Motion seeks "an

Order quashing the Notice of Deposition of the Plaintiff filed by Defendant, Music City

Billiards, LLC d/b/a Buffalo's Billiards Parlor." Docket No. 160, p. 1. The Motion states that it

is filed pursuant to Fed. R. Civ. P. 26, and Plaintiff specifically cites Rule 26(c)(1). Docket Nos.

160,

p. 1, 161, p. 3.

Plaintiff's supporting Memorandum essentially states that Defendant Music City Billiards has submitted a deposition notice requiring Plaintiff to be present in Nashville on February 7, 2013, for a deposition. Plaintiff, however, lives in British Columbia and allegedly still suffers from injuries sustained in the accident that is the subject of the instant lawsuit.

Plaintiff has submitted a letter from his treating physician, Dr. Adam Chang, which states in part, "it will not be in the best interest of the patient's health to embark on this trip for a number of reasons." Docket No. 160-3. Dr. Chang also states that he feels "such a trip will be detrimental to [Plaintiff's] health and recovery." *Id.*

Fed. R. Civ. P. 26 does not specifically provide for the "quashing" of a deposition notice. Rule 26(c)(1) does, however, provide for the entry of protective orders. Thus, the Court will presume that Plaintiff seeks a protective order with regard to giving his deposition in Nashville on February 7.

Fed. R. Civ. P. 26(c)(1) provides in relevant part:

(c) Protective Orders.

> (1) In General. A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending . . . . The motion must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action.

Local Rule 37.01, which concerns "Discovery Motions," provides in relevant part as follows:

> (a) Joint Written Statement. Prior to filing any discovery motion,

counsel for the party shall prepare a joint written statement of the matters at issue in the discovery dispute. The joint statement of issue shall be attached to any discovery motion.

. . .

(b)(3) Counsel for a party moving to compel discovery, quash a subpoena, or for a protective order, shall file with the Court, at the time of the filing of the motion, a statement certifying that he has conferred with counsel for the opposing party in a good faith effort to resolve by agreement the issues raised and that counsel have not been able to do so. *No such motion shall be considered by the Court absent compliance with this Rule.* If certain of the issues have been resolved by agreement, the statement shall specify the issues remaining unresolved.

(Emphasis added.)

Plaintiff has failed to comply with Fed. R. Civ. P. 26(c)(1), Local Rule 37.01(a) and Local Rule 37.01(b)(3).

For the foregoing reasons, the instant "Motion to Quash" (Docket No. 160) is DENIED.

IT IS SO ORDERED.

_____
E. Clifton Knowles
United States Magistrate Judge